# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2022

Lyle W. Cayce
Clerk

No. 21-51095
CONSOLIDATED WITH
No. 21-51101
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE CARMEN BARAJAS-SALVADOR,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-419-1
USDC No. 4:21-CR-521-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

---

\* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51095
c/w No. 21-51101

Jose Carmen Barajas-Salvador appeals his conviction and sentence for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2) as well as the judgment revoking his term of supervised release for a prior offense.  He has not briefed, and has therefore abandoned, any challenge to the revocation of supervised release or his revocation sentence.  *See United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010).

For the first time on appeal, Barajas-Salvador contends that the enhancement of his illegal-reentry sentence pursuant to § 1326(b) is unconstitutional because the fact of a prior conviction was not charged and proved beyond a reasonable doubt.  He has filed an unopposed motion for summary disposition and a letter brief explaining that he raises this issue only to preserve it for further review and conceding that it is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019).

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Barajas-Salvador's motion is GRANTED, and the judgments of the district court are AFFIRMED.